IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

YASAR KARAOGLU

     v.                      :   Civil Action No. DKC 23-749

UNITED STATES DEPARTMENT
OF HOMELAND SECURITY, et al.   :

**MEMORANDUM OPINION**

Plaintiff Yasar Karaoglu filed this action on March 17, 2023, seeking to compel the U.S. Citizenship and Immigration Service ("USCIS") to schedule an asylum interview and issue a determination on his I-589 Application for Asylum that has been pending since November 18, 2019. (ECF No. 1). His complaint, filed by an attorney from Austin, Texas, recites that Plaintiff is a resident of Spartanburg, South Carolina and that the application is being processed in Arlington, Virginia.[1]

On June 2, 2023, Defendants filed a motion to transfer this action to the United States District Court for the District of South Carolina and to extend the date to respond to Plaintiff's complaint until sixty days after the court decides the motion to transfer and, if granted, the action is docketed in the transferee

---

[1] The Arlington, Virginia Asylum Office serves South Carolina. *USCIS Service and Office Locator*, https://egov.uscis.gov/office-locator/#/asyresults/SC/South%20Carolina (last visited July 19, 2023).

court.  (ECF No. 4).  Plaintiff filed an opposition on June 9, 2023, (ECF No. 5), and Defendants filed a reply on June 23, 2023, (ECF No. 6).  No hearing is deemed necessary.  Local Rule 105.6. For the following reasons, Defendants' motion to transfer will be granted.  Plaintiff will be directed to file a notice regarding whether transfer to the District of South Carolina or the Eastern District of Virginia is preferred.

Since USCIS relocated its headquarters from the District of Columbia to Maryland in December 2020, many immigration cases have been filed in this district solely because the headquarters are here.  In a comprehensive opinion, Judge Peter J. Messitte explained why a case brought by nearly 200 plaintiffs seeking expedited adjudication of their employment-based visa applications would be severed into individual actions and transferred to the federal district covering the service center or field office where each application was pending.  *See generally Chakrabarti v. USCIS*, No. 21-CV-1945-PJM, 2021 WL 4458899 (D.Md. Sept. 29, 2021). Several more cases involving visa applications were transferred for reasons stated in *Manne v. Jaddou*, No. 21-CV-1947-PJM, 2022 WL 102853 (D.Md. Jan. 11, 2022).  *See also Dhimar v. Blinken*, No. 22-CV-2175-PJM, 2022 WL 17540972, at *1 n.1 (D.Md. Dec. 8, 2022) (noting that more than 40 lawsuits were filed in this district challenging allegedly unreasonable delay by U.S. consulates processing visas, all of which were either transferred to the

United States District Court for the District of Columbia or voluntarily dismissed); *Hasan v. Garland*, No. 22-CV-00767-LKG, 2022 WL 17851940, at *2-3 (D.Md. July 15, 2022) (transferring action to Plaintiff's home state and district where application was pending).  Now, this Plaintiff, along with more than a dozen others, all represented by the same attorney from Austin, Texas, have filed actions in this court seeking hearings on their asylum petitions, relying solely on the location of the USCIS headquarters as the basis for venue.[2]

A plaintiff may bring a federal action against an officer or employee of the United States in "any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."  28 U.S.C. § 1391(e)(1).  Even if venue is facially proper, though, a transfer can be granted based on 28 U.S.C. Section 1404(a), which states that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

---

[2] Attached to Defendants' motion is a list of sixteen cases recently filed by Plaintiff's counsel in this district.  None of the plaintiffs reside in this district, and there is no Asylum Office here.

A party moving to transfer pursuant to § 1404(a) "bears the burden to establish both (1) that the plaintiff could have brought the action in the proposed transferee court and (2) that the action should have been brought there." *Manne*, 2022 WL 102853, at *6. As noted in *Manne* and in *Chakrabarti*, 2021 WL 4458899, at *3, a plaintiff can bring this type of case in the judicial district where the USCIS office adjudicating the petition is located or where the plaintiff resides.  In this case, that would be either the District of South Carolina or the Eastern District of Virginia.

In deciding a motion to transfer venue under Section 1404(a),

> this Court considers four factors: "(1) the weight accorded to plaintiff's choice of venue; (2) witness convenience and access; (3) convenience of the parties; and (4) the interest of justice." *Trs. of the Plumbers & Pipefitters Nat'l Pension Fund v. Plumbing Servs., Inc.*, 791 F.3d 436, 444 (4th Cir. 2015) (citations omitted).  Because a plaintiff's choice of venue is entitled to substantial weight in determining whether transfer is appropriate, a defendant seeking to transfer venue must demonstrate that these factors weigh in favor of a transfer. *See id*.  And so, this Court has held that the moving party "must show by a preponderance of the evidence that the proposed transfer will better and more conveniently serve the interests of the parties and witnesses and better promote the interests of justice," to prevail on a motion to transfer under Section 1404(a). *Corcoran v. Peleus Ins. Co.*, No. 20-1115, 2021 WL 3472664, at *4 (D.Md. Aug. 6, 2021) (citation omitted).

*Hasan*, 2022 WL 17851940, at *1.

Maryland is, by virtue of the location of USCIS headquarters, a viable venue for plaintiffs seeking to compel a decision on their petitions.  Defendants contend that Maryland is not the appropriate venue, however, because none of the claims relate to Maryland and the relief Plaintiff seeks will not take place in Maryland.  They assert that the appropriate venue for this action is the District of South Carolina and that transfer there would make more efficient use of judicial resources, is in the interests of justice, and is most convenient.  Plaintiff argues that transferring the case would prejudice him and be against the interest of justice.  He notes that if the case were transferred to South Carolina, he would need to secure new counsel because his attorney is not licensed to practice there, thereby expending additional time, energy, and money.[3]  Further, the case does not involve any discovery or witnesses and is not scheduled for trial.  Plaintiff contends that transferring the case would only delay the matter further resulting in harm to him.  He notes that, of the sixteen cases cited by Defendants, five have resolved, and two were offered settlement terms.  He is hopeful that by filing his case in this district, he too will be scheduled for an interview.  Defendants respond that

---

[3] Plaintiff's counsel does not reside in this district and practices in Austin, Texas.  In his application for membership in the bar of this court in January 2022, he reported bar membership in Texas, Missouri, the United States District Court for the Western District of Texas, and the United States Court of Appeals for the Fifth Circuit.

Plaintiff does not dispute that none of the acts related to his application occurred in Maryland. Defendants argue that Plaintiff's claims should not be adjudicated in the court most convenient for his attorney.

The first factor—Plaintiff's choice to bring the case here—carries little weight: Plaintiff does not live here, and it appears that Plaintiff's counsel became a member of this bar based on the notion that, with the USCIS headquarters here, it would be a viable venue for these actions. *Union of Orthodox Jewish Congregations of Am. v. Brach's Confections, Inc.,* No. 05-CV-620-AMD, 2005 WL 1115222, *2-3 (D.Md. May 11, 2005) (noting cases where choice of forum by a non-resident plaintiff is not accorded much deference and questioning relevance of convenience for counsel). The other factors, too, do not weigh in favor of Maryland as the forum. None of the records or potential witnesses, and none of the active parties, are located here. Nor has Plaintiff identified a significant public interest in the final "interest of justice" category, focusing on his own interest in avoiding further delay and his potential difficulty in securing counsel.

Defendants' motion to transfer will be granted, although the choice of transferee district will be deferred. Plaintiff resides in South Carolina. His application is pending in Virginia. Although the District of Maryland is a possible venue, it is not the proper or most convenient venue and is therefore an

6

inconvenient and unsuitable forum to adjudicate Plaintiff's claims. Accordingly, this action will be transferred either to the United States District Court for the District of South Carolina or the United States District Court for the Eastern District of Virginia for further consideration of Plaintiff's complaint as may be appropriate. Plaintiff objected to any transfer and discussed his potential counsel difficulties if the case were transferred to South Carolina. He has not, however, discussed which, as between South Carolina or Virginia, would be a more convenient forum for him. He will be provided a brief period within which to do so.

Defendants also request an additional sixty-days to respond to Plaintiff's complaint and state that granting this request would not slow the processing pace of Plaintiff's petition. While Plaintiff objects and contends that the transfer itself will delay consideration of his petition, that is no reason to deny Defendants' request for an extension of time to answer.

A separate order will follow.

_____/s/_____<br>
DEBORAH K. CHASANOW<br>
United States District Judge